DJW/bh

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**CURT BIGGE,**

                                          **Plaintiff,**

                                                                                    **CIVIL ACTION**

**v.**

                                                                                    **No. 04-2357-KHV-DJW**

**BOARD OF COUNTY COMMISSIONERS**
**OF LEAVENWORTH COUNTY,**
**KANSAS, et al.,**

                                          **Defendants.**

**MEMORANDUM AND ORDER**

Pending before the Court is Plaintiff's Motion for Leave to File First Amended Complaint (doc.

17).  For the reasons set forth below, the Court will deny the motion.

**I.       Background Information**

Plaintiff sues the Board of County Commissioners of Leavenworth County, Kansas and Irene

Maley, the Director of the Department of Emergency Services for Leavenworth County.  Plaintiff claims

that Maley, acting for Leavenworth County, terminated Plaintiff's employment with the County in retaliation

for Plaintiff exercising his First Amendment rights.  Plaintiff sues Maley in her individual capacity.

Plaintiff seeks leave to amend the Complaint to join as defendants the members of the Board of

County Commissioners in their individual capacities.  Defendants oppose the motion to amend on the basis

that it is untimely, in that it was filed on March 13, 2005, six weeks after the January 28, 2005 deadline for

filing such motions.[1]

## II.    Standard for Analyzing Motions to Amend

Rule 15 of the Federal Rules of Civil Procedure allows one amendment of the complaint before a

responsive pleading is served or within twenty days after service of the complaint.[2]    Subsequent

amendments are allowed only by leave of court or by written consent of the adverse party.[3]    Leave to

amend, however, is to be "freely given when justice so requires,"[4] and the Supreme Court has emphasized

that "this mandate is to be heeded."[5]  The decision to grant leave to amend a complaint, after the permissive

period, is within the trial court's discretion and will not be disturbed absent an abuse of that discretion.[6]

Leave to amend should be denied when the court finds "undue delay, undue prejudice to the

opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed,

or futility of amendment."[7]   In addition, the court may consider the timeliness of the motion to amend.[8]

Untimeliness of the motion is, by itself, a sufficient reason to deny leave to amend, particularly when the

---

[1]The December 20, 2005 Scheduling Order set January 28, 2005 as the deadline for filing any motion for leave to join additional parties or otherwise amend the pleadings. *See* doc. 6, ¶ 3.a.

[2]Fed. R. Civ. P. 15(a).

[3]*Id.*

[4]*Id.*

[5]*Foman v. Davis*, 371 U.S. 178, 182 (1962).

[6]*Woolsey v. Marion Labs., Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991).

[7]*Frank v. U.S. West, Inc.,* 3 F.3d 1357, 1365 (10th Cir. 1993).

[8]*Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1495 (10th Cir.1995).

movant provides no adequate explanation for the delay.[9]   In addition, if the motion is filed after the

scheduling order deadline, the moving party must show good cause for allowing the amendment out of

time.[10]  To establish good cause, the moving party must show that the deadline "could not have been met

with diligence."[11]

### III.   Analysis

Here, the motion to amend was filed six weeks after the deadline for filing motions to amend.  Thus,

applying the above, standard, Plaintiff most demonstrate good cause for the Court allow the amendment

at this date, i.e., demonstrate that the January 28, 2005 deadline could not have bee met with diligence.

Plaintiff explains that at the time she filed her lawsuit she believed Maley was the final

decisionmaker for the Board and that Maley had made the decision to terminate Plaintiff's employment,

as was set forth in the "Notice of Termination."  Plaintiff further explains that it was not until Maley served

her answers to Plaintiff's interrogatories and testified in her deposition that Plaintiff discovered who the

actual decisionmakers were.  Plaintiff contends that Maley's interrogatory answers and deposition

testimony revealed for the first time that it was actually the members of the Board of County Commission-

ers (1) who were personally involved in the decision to terminate Plaintiff's employment; (2) who

---

[9]*Id.*

[10]*SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1518 (10th Cir. 1990).

[11]*Simpson v. Home Depot, Inc.*, 203 F.R.D. 643, 644 (D. Kan. 2001) (quoting *Denmon v. Runyon*, 151 F.R.D. 404, 407 (D. Kan. 1993)).

recommended that Plaintiff be terminated; and (3) who authorized Maley to terminate Plaintiff's employment.

The Court's review of the record indicates that Maley's answers to Plaintiff's interrogatories were served on January 21, 2005,[12] and that Maley's deposition was taken on February 17, 2005.[13]  The instant motion to amend, however, was not filed until March 13, 2005.  Plaintiff does not explain why he waited until March 13 to file the motion.

The Court finds that Plaintiff has failed to demonstrate good cause for allowing the amendment at this late date, i.e., six weeks after the January 28, 2005 deadline.  Plaintiff  had Maley's January 21 discovery responses in time to meet the January 28 amendment deadline.  Even assuming that Plaintiff didn't possess sufficient information to seek leave to amend until he deposed Maley on February 17, Plaintiff fails to explain why he waited almost a whole month—until March 13— to file the motion to amend.  In short, the Court finds that Plaintiff has failed to show how the January 28 deadline could not have been met with diligence.  The Court must therefore deny the motion.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to File First Amended Complaint (doc. 17) is denied.

---

[12]*See* Certificate of Service regarding Def.s' Resp. to Interrogs. and Req. for Produc. (doc. 8).

[13]*See* Maley Dep. Test., Ex. C attached to Pl.'s Mot. For Leave to File First Am. Compl. (doc. 18).

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 6th day of May 2005.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc:      All counsel and *pro se* parties

5